**THE HONORABLE THOMAS O. RICE**

CODY L. TOWNS
TEXAS BAR NO. 24034713, *pro hac vice*
TOWNS LAW FIRM, P.C.
4835 LBJ Freeway, Suite 750
Dallas, Texas 75244
Telephone: (469) 421-1500
Fax: (469) 421-1505
Email: ctowns@townslawfirm.com
Co-Counsel for Plaintiff

KAREN KOEHLER, WSBA #15325
STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. West, Ste. 300
Seattle, WA 98119
Telephone: (206)448-1777
Fax: (206) 728-2131
Email: karenk@stritmatter.com
Co-Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASSIDY WOODS,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS ROLOVICH, in his individual capacity, and WASHINGTON STATE UNIVERSITY,<br><br>        Defendants. | No. 2:22-CV-00160-TOR<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Plaintiff Kassidy Woods and Defendants Nichols Rolovich and Washington State University (the "Parties"), through their counsel, submit this Joint Status Report and Discovery Plan, pursuant to the Court's Notice Settling Telephone

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 1

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98119
206.448.1777

Scheduling Conference, dated October 3, 2022. And pursuant to Fed. R. Civ. P. 26(f).

1. **INTRODUCTION**

**Plaintiff**

Mr. Woods, then a contract student athlete at Defendant WSU asserts causes of action for violations of his freedom of association rights as secured by the First Amendment, violations of his Equal Protection rights under the Fourteenth Amendment, breach of contract, and violations of Title VI of the Civil Rights Act of 1964, §2000d et seq, prohibition against exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the ground of race, color, or national origin..

At the height of the COVID-19 pandemic, Defendants misled and enticed Mr. Woods to participate in the team's summer workouts, by ensuring that safety protocols were in place. Mr. Woods, carries the sickle cell trait which was an at risk condition. But such protocols were not in place and dozens of student-athletes were testing positive for COVID-19.

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 2

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA  98819
206.448.1777

At the same several high-profile cases of police maltreatment and brutality against Black people in America were raising the consciousness of the country to the BLM movement. Within the Pac-12, of which Defendant WSU is a member, a coalition called "WeAreUnited" formed to bring light to the social and racial injustices faced by Black student-athletes. The group reportedly threatened to boycott the football season if certain demands were not met.

When Mr. Woods told his coach about his concerns about COVID given his risk factors and made the decision to opt out of the 2020 season, Defendant Rolovich, asked Mr. Woods if he was a member of the #WeAreUnited group. Mr. Woods said yes. Defendant Rolovich then stated that opting out because of "the COVID stuff is one thing," but that joining the #WeAreUnited group would change "how things go in the future for everybody, at least at our school."

Mr. Woods was then retaliated against. Mr. Woods asserts causes of action for violations of his freedom of association rights as secured by the First Amendment, violations of his Equal Protection rights under the Fourteenth Amendment, breach of contract, and violations of Title VI of the Civil Rights Act of 1964.

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 3

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

**Defendants**

Defendants defends on the basis of the Eleventh Amendment, Qualified Immunity, failure to state a claim and set off. With regard to the narrative presented by Woods, the Defendants submit that, following discovery, the facts will reveal that no factual basis exists to support the causes of action Woods has brought. Specifically, the Defendants deny that Wood's First Amendment or Equal Protection rights were violated. Further, the Defendants deny that the actions of WSU and/or Mr. Rolovich breached any alleged contract or violated Title VI of the Civil Rights Act of 1964, §2000d et seq.

2.  **SUMMARY OF RULE 26(F) CONFERENCE**

Pursuant to the Court's Notice Setting Telephonic Scheduling Conference, the Parties held a Rule 26(f) conference on October 31, 2022. The Parties provide the following summary of the proposals and agreements reached therein:

A.  **Jurisdiction, Venue, Standing**

The Parties agree that jurisdiction and venue are properly before this Court and that standing for the claims asserted in this matter is likewise proper.

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 4

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

B. **Service of Process on Parties not Served yet**

The Parties agree that all parties to this action have been served and further agree that the deadline for joining additional parties should be set as ordered by the court.

C. **Claims and Defenses**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and seeks damages to remedy violations of rights secured by First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and Title VI of the Civil Rights act of 1964.

Defendants deny all claims. Defendant affirmatively asserts, among other defenses: Failure to State a Claim, that the Plaintiff has failed to state a claim upon which relief may be granted to the extent the Plaintiff brings and 42 U.S.C § 1983 claim against WSU, an agency of the State of Washington. Setoff, the Defendants are entitled to an offset from any awards to Plaintiff herein and/or recovery of back monies paid to Plaintiff. Eleventh Amendment Immunity, that the Defendant State of Washington, its agencies and agents sued in their official capacity, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the Untied States. Qualified Immunity, that the claims alleged under 42 U.S.C § 1983 against state employees are barred by the doctrine of qualified immunity.

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 5

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

### D. Statute Constitutionality

N/A

### E. Issues to Be Certified to the Washington State Supreme Court

The Parties are not presently aware of any issue that may be certified to the Washington State Supreme Court, but reserve the right to ask the Court to do so.

### F. Additional Parties, Amending Pleadings

At present, the Parties do not anticipate joining additional parties.

The Parties agree that the deadline for amending pleadings should be 120-days from today.

### G. Corporate Parties

This case does not involve corporate parties.

### H. Beneficial Interests

This case does not involve a beneficial interest claim of a minor or incompetent that requires appointment of a Guardian ad litem.

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 6

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

I. **Discovery Plan**

1. Initial Disclosures

The Parties agree to exchange expert disclosures as follows:

- Plaintiff's disclosure as ordered by the court.
- Defendants' disclosures as ordered by the court.
- Rebuttal disclosures as ordered by the court.

2. Subjects, Timing, and Potential Phasing of Discovery

    a. Discovery Subjects

The subjects of discovery will include the claims and defenses asserted, as well as alleged damages. Defendants anticipates seeking discovery information regarding the claims and defenses. Plaintiff anticipates seeking discovery of information regarding the claims and defenses, including but not limited to emails, and other written memorandum.

    b. Discovery Management/Electronically Stored Information

The Parties intend to efficiently manage the discovery process within the limitations set forth in the Federal Rules of Civil Procedure and Local Rules. They do not anticipate any issues regarding disclosure or discovery of electronically stored information.

    c. Discovery Completion

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 7

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

The Parties anticipate that non-expert discovery can be completed by November 1, 2023.

The Parties anticipate that expert discovery can be completed by November 1, 2023.

3. Privilege Issues

The anticipated discovery may result in claims of privilege and/or other protections from discovery. The Parties will attempt to resolve any privilege issues among themselves before seeking Court intervention.

4. Discovery Limitations

The Parties agree that the presumptive limits on discovery under the Federal Rules of Civil Procedure and Local Civil Rules should not be altered at this time. The Parties nonetheless reserve the right to later seek relief from those limitations.

5. Discovery Orders

The Parties do not anticipate the need for additional discovery-related orders at this time. The Parties nonetheless reserve the right to later seek additional orders related to discovery.

**J.     Anticipated Motions**

Defendants intend to bring MSJ

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 8

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

K.  **Trial**

   1.   A jury demand was filed with the complaint.

   2.   Trial Date and Location

This case will be ready for trial on or after April 2024.

Location of trial U.S. District Court in Spokane, WA.

   3.   Length of Trial

The Parties anticipate that trial in this matter will take approximately 15 <u>trial days</u>.

   4.   Bifurcation

The parties do not anticipate bifurcation at this time but reserve the right to request bifurcation if appropriate.

   5.   Special Audio/Visual Courtroom Technology

Parties may bring screens and projectors to help prosecute his case if the court does not supply them.

JOINT STATUS REPORT AND DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 9

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

L.   **Prospects for Settlement**

The Parties agree to engage in alternative dispute resolution on or before February 1, 2024 if appropriate based on the facts of the case.

M.   **Other Matters**

At this time, there are no other matters for the Court to address.

Dated: November 8, 2022

STRITMATTER KESSLER KOEHLER MOORE

/s Karen Koehler
Karen Koehler, WSBA #15325

Counsel for Plaintiff

TOWNS LAW FIRM, P.C.

/s Cody L. Towns
Cody L. Towns, *pro hac vice*
Texas Bar No. 24034713

Counsel for Plaintiff

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 10

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777

1  ROBERT W. FERGUSON
   Attorney General
2
3  /s Garth Ahearn
   Carl P. Warring, WSBA #27164
4  Garth A. Ahearn, WSBA #29840
   Assistant Attorneys General
5
   Counsel for Defendants
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT STATUS REPORT AND
DISCOVERY PLAN
(No. 2:22-CV-00160-TOR) – 11

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA  98819
206.448.1777

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on November 8, 2022, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: November 8, 2022

*s/* Rory Larson
Rory Larson, Paralegal

CERTIFICATE OF SERVICE
(No. 2:22-CV-00160-TOR)

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Street, Ste. 300
Seattle, WA 98819
206.448.1777